UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     JOHNNIE B. COOK | ) | Case No. 10-10113-SSM |
|     LISA A. WILLIAMS | ) | Chapter 13 |
| | ) | |
|         Debtors | ) | |
| | ) | |
| JOHNNIE B. COOK, *et al.* | ) | |
| | ) | |
|         Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-1300 |
| | ) | |
| MONTCLAIR PROPERTY OWNERS | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
|         Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the plaintiffs, Johnnie B. Cook and Lisa A. Williams ("the debtors"), for summary judgment "stripping off" liens against their residence for unpaid homeowners association assessments on the ground that there is no equity in the property to which the liens can attach. A hearing was held on October 19, 2010, at which the court heard the contentions of the parties and took the issues under advisement. For the reasons stated, the motion will be granted.

Background

The debtors, who are husband and wife, filed a joint voluntary petition in this court on January 7, 2010, for relief under chapter 13 of the Bankruptcy Code. Among the assets listed on

1

their schedules was their residence located at 4749 Shadow Oak Court, Dumfries, Virginia. The property is valued on the schedules at $288,367, subject to a deed of trust in the amount of $450,611 and judgment liens totaling $7,477.

After two earlier plans were denied confirmation and one was withdrawn, the debtors filed on July 1, 2010, the plan that is currently before the court. It requires the debtors to pay the chapter 13 trustee $160 per month for 36 months and projects a zero percent dividend on unsecured claims.[1] Under the plan and the present adversary proceeding, that would include the claim of Montclair Property Owners Association, Inc. ("Montclair") for $8,118.73 in unpaid homeowner assessments. Of that amount, $6,696.82 is claimed by Montclair as secured based on filed homeowners association liens and on docketed judgment liens. It is those liens that the present action seeks to void under § 506(d), Bankruptcy Code, on the ground that they are junior to a deed of trust that exceeds the value of the property, so that there is no equity to which they can attach. Specifically, the debtors allege that the property is worth no more than $300,000,[2] while the first-lien deed of trust currently held by Deutsche Bank National Trust Company has a balance of $474,817. Although Montclair denies the specific value asserted by the debtors, it concedes that the property is worth less than the amount owed on the deed of trust and that its liens are junior to the deed of trust.

---

[1] Based on the filed claims, the actual dividend may be closer to 5%.

[2] The motion itself alleges a value of $290,600, based on the current real estate tax assessment. *See Christopher Phelps & Assocs. LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007) (holding that real estate tax assessment was admissible to prove value of partially-completed home under Fed. R. Evid. 803(8) agency records exception to hearsay rule). However, in affidavits submitted by the debtors in support of the summary judgment motion, they value the property at $300,000.

Discussion

A.

Although outside of bankruptcy a secured creditor is entitled to retain its lien until the underlying debt is paid, in bankruptcy a secured claim is limited to the value of the debtor's interest in the collateral and is otherwise unsecured.  § 506(a)(1), Bankruptcy Code.  Additionally, to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, the lien is void.  § 506(d), Bankruptcy Code.  Although there are certain exceptions that apply in chapter 13 cases, none of them is applicable here.[3]  Thus, when prior liens against a creditor's collateral fully exhaust its value, any junior liens are void, and the creditor's claim is properly treated for the purposes of the bankruptcy as unsecured.[4]  Montclair concedes that the Deutsche Bank deed of trust fully encumbers the property, and it also concedes

---

[3]  Specifically, a claim secured solely by a security interest in the debtor's principal residence cannot be bifurcated into secured and unsecured components.  § 1322(b)(2); *Nobleman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).  This prohibition applies only to security interests (i.e., consensual liens); it does not extend to judgment liens or statutory liens, which may be modified even if they attach to the debtor's principal residence.  *In re Williams*, 166 B.R. 615 (Bankr. E.D. Va. 1994).  Nor does it apply even to a security interest if there is no value to which the lien can attach.  *Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed*, 77 F.3d 472 (4th Cir. 1996).  Additionally, a claim secured by a purchase-money security interest in an automobile purchased for personal use within 910 days before the bankruptcy filing or by other personal property purchased within 1 year before the bankruptcy filing cannot be bifurcated.  § 1325(a) "hanging paragraph" [unnumbered paragraph following § 1325(a)(9)].

[4]  In a chapter 7 case, the Supreme Court has held that a debtor may not use Section 506(d) to "strip down" a lien to the value of the collateral.  *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).  The Fourth Circuit has similarly held that a subordinate mortgage that is unsupported by any equity in the property nevertheless cannot be "stripped off" by the debtor in a chapter 7 case.  *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001).  However, those rulings have no applicability to reorganization cases under chapters 11, 12, or 13.

that its liens are subordinate to the deed of trust. Under settled principles, therefore, the filed liens are void, and Montclair's claim is properly treated as unsecured.

B.

Montclair argues, however, that such a result is unfair because the only reason its claim is not secured at the present time is because real estate values are artificially low as a result of the economic crisis that was triggered by the sub-prime mortgage loan meltdown. Montclair posits that at some future time real estate values will rebound to a level that would support its liens, and it contends that avoidance would provide an unjustified windfall to the debtors. Of course, whether and when real estate values will ever return to their former values is entirely speculative.[5] But more fundamentally, Montclair cites no statutory or case authority for the proposition that lien avoidance may be denied based solely on an anticipated future increase in the value of a secured creditor's collateral. It is true that in a chapter 11 reorganization case, a creditor may protect itself against a temporarily distorted market by making an election to have its claim treated as fully secured. § 1111(b)(2), Bankruptcy Code. But even in chapter 11 the

---

[5] A chart showing the real estate tax assessments for the property since 2000, as reported on the Prince William County government website, reflects that the value of the property has fluctuated rather widely over that period:

| Year | Land | Improvements | Total | Change |
|------|------|--------------|-------|--------|
| 2000 | $ 51,800 | $ 131,400 | $ 183,200 | |
| 2001 | $ 57,100 | $ 137,000 | $ 194,100 | 6% |
| 2002 | $ 64,000 | $ 161,000 | $ 225,000 | 16% |
| 2003 | $ 73,000 | $ 190,200 | $ 263,200 | 17% |
| 2004 | $ 84,900 | $ 218,500 | $ 303,400 | 15% |
| 2005 | $ 108,300 | $ 263,400 | $ 371,700 | 23% |
| 2006 | $ 134,400 | $ 336,800 | $ 471,200 | 27% |
| 2007 | $ 144,400 | $ 266,100 | $ 410,500 | -13% |
| 2008 | $ 129,900 | $ 214,400 | $ 344,300 | -16% |
| 2009 | $ 98,700 | $ 161,300 | $ 260,000 | -24% |
| 2010 | $ 105,600 | $ 185,000 | $ 290,600 | 12% |

election is available only to a creditor that is undersecured, and not to one whose secured claim has "inconsequential value." § 1111(b)(1)(B)(i), Bankruptcy Code. In any event, chapter 13 has no provision for an election corresponding to the § 1111(b) election in chapter 11 cases.

Montclair also argues that its liens should somehow be insulated against avoidance because Congress, in making *post-petition* condominium and property-owner assessments non-dischargeable in chapter 7 cases, *see* § 523(a)(16), Bankruptcy Code,[6] evinced an intent to protect fellow owners against the unfair burden that would result from debtors not paying their share of the common expenses and operating costs. To this, there are several responses. First, whether a debt is *dischargeable* and whether it is *secured* are completely different issues. Second, the plain language of § 523(a)(16) does not prevent a debtor from discharging liabilities for *pre-petition* assessments, only for *post-petition* assessments so long as the debtor remains the owner of, or continues to occupy, the property. And third, the § 523(a)(16) exception to discharge does not apply in chapter 13. *See* § 1328(a), Bankruptcy Code. Put simply, the Bankruptcy Code provides no special status, even in the area of dischargeability, for unpaid pre-

---

[6] Specifically, the cited statute excludes from discharge in a chapter 7 case a debt—

> for a fee or assessment that becomes due and payable *after the order for relief* to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising *before entry of the order for relief* in a pending or subsequent bankruptcy case[.]

§ 523(a)(16), Bankruptcy Code (emphasis added).

5

petition assessments. The post-petition assessments are fully provided for by the debtors' plan and would be unaffected by avoidance of the liens relating to the prepetition assessments. Although there may well be policy arguments favoring preservation of liens for pre-petition assessments when debtors in reorganization cases propose to retain the property, such arguments are properly addressed to Congress, as this court must apply the Bankruptcy Code as it is written.

A separate order will be entered granting the motion for summary judgment and avoiding the liens.

Date: _____        _____
                                            Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge


Copies to:

Lois Ilaine Upton, Esquire
Robert A. Ades & Associates PC
5419-B Backlick Road
Springfield, VA 22151
Counsel for the plaintiffs

Elizabeth Marie Crego, Esquire
Segan, Mason & Mason, P.C.
7010 Little River Turnpike Suite 270
Annandale, VA 22003
Counsel for the defendant

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee